# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **PROGRESSIVE NORTHERN INSURANCE COMPANY** | ) ) ) |
| **Plaintiff,** | ) ) ) |
| **v.** | ) **Civil Action No.** ___7:18CV508___ ) ) |
| **CAPITAL MEATS, INC.** | ) ) |
| Serve: 351 N. Maple Ave.<br>Martinsburg, WV 25401 | ) ) ) |
| **and** | ) ) |
| **JUSTIN SCOTT HUFFMAN** | ) ) |
| Serve: 98 Beaver Creek Road<br>Staunton, VA 24401 | ) ) ) |
| **and** | ) ) |
| **MADINAH KARIMAH ALOMAR** | ) ) |
| Serve: 4148 Brenda Drive<br>Decatur, GA 30035 | ) ) ) |
| **Defendants.** | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Progressive Northern Insurance Company, by counsel, states as follows as its Complaint for Declaratory Judgment against Defendants Capital Meats, Inc., Justin Scott Huffman, and Madinah Karimah Alomar.

## I.     Parties

1.      Plaintiff Progressive Northern Insurance Company ("Progressive") is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located in the State of Wisconsin.  Thus, Progressive is a citizen of Wisconsin.

2.      Defendant Capital Meats, Inc. ("Capital Meats") is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in the State of West Virginia.  Thus, Capital Meats is a citizen of Virginia and West Virginia.

3.      Defendant Justin Scott Huffman is an individual residing in the Commonwealth of Virginia and is a citizen of Virginia.

4.      Defendant Madinah Karimah Alomar is an individual residing in the State of Georgia and is a citizen of Georgia.

## II.      Jurisdiction and Venue

5.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

6.      The jurisdiction of this Court is invoked pursuant 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Progressive and Defendants Capital Meats, Inc., Justin Scott Huffman, and Madinah Karimah Alomar and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III.      Facts

**The Accident and the Alomar Suits**

8.      On June 12, 2017, Justin Scott Huffman and Madinah Karimah Alomar were involved in an automobile accident in Montgomery County, Virginia (the "Accident").

9.      The vehicle driven by Justin Scott Huffman at the time of the Accident was a 2000 Kia owned by Mr. Huffman (the "Huffman Auto").  Capital Meats, Inc. did not own, hire, lease, rent, or borrow the Huffman Auto.

10.      Justin Scott Huffman was not an employee of Capital Meats, Inc. at the time of the Accident.  Justin Scott Huffman was not using the Huffman Auto in connection with Capital Meats, Inc.'s business or in Capital Meats, Inc.'s business or personal affairs at the time of the Accident.

11.      On September 5, 2017, the lawsuit styled *Madinah Karimah Alomar v. Justin Scott Huffman and Capital Meats, Inc.*, Case No. CL17001597-00, was filed in the Circuit Court for Montgomery County, Virginia seeking damages against Justin Scott Huffman and Capital Meats, Inc. in connection with the Accident (the "First Alomar Suit").

12.      A default judgment was entered against Justin Scott Huffman in the First Alomar Suit on January 16, 2018.

13.      On February 1, 2018, a nonsuit order was entered with respect to Capital Meats, Inc. in the First Alomar Suit.

14.      On June 13, 2018, the lawsuit styled *Madinah Karimah Alomar v. Capital Meats, Inc.*, Case No. CL18001221-00, was filed in the Circuit Court for Montgomery County, Virginia seeking damages against Capital Meats, Inc. in connection with the Accident (the "Second Alomar Suit").  The First Alomar Suit and the Second Alomar Suit are referred to collectively as the "Alomar Suits".

15.      Progressive did not receive notice of the Accident or the First Alomar Suit until November 8, 2017.

16.     Progressive is currently defending Justin Scott Huffman and Capital Meats, Inc. against the Alomar Suits.

**The Policy**

17.     Progressive issued Commercial Auto Policy No. 05779638-1, effective December 20, 2016 to June 20, 2017, to Capital Meats, Inc. (as the named insured) (the "Policy").

18.     Relevant to this Complaint, the Policy contains the following insuring agreement applicable to Section II – Liability Coverage:

### SECTION II – LIABILITY COVERAGE

A.  **COVERAGE**

**We** will pay all sums an "**insured**" legally must pay as damages because of "**bodily injury**" or "**property damage**" to which this insurance applies, caused by an "**accident**" and resulting from the ownership, maintenance or use of a covered "**auto**".

19.     The Policy also contains the following provisions regarding Who Is An Insured, as amended by Form CA99330299:

1.  **Who Is An Insured**

The following are **insureds**:

a.  **You** for any covered **auto**.

b.  Anyone else while using with **your** permission a covered **auto you** own, hire or borrow, except:

(1) The owner or anyone else from whom **you** hire or borrow a covered **auto**. This exception does not apply if the covered **auto** is a trailer connected to a covered **auto you** own.

(2) Your **employee** if the covered **auto** is owned by that **employee** or a member of his or her household.

(3) Someone using a covered **auto** while he or she is working in a business of selling, servicing, repairing, parking or storing **autos** unless that business is **yours**.

4

(4) Anyone other than **your employees**, partners (if **you** are a partnership), members (if **you** are a limited liability company), or a lessee or borrower or any of their **employees**, while moving property to or from a covered **auto**.

(5) A partner (if **you** are a partnership) or a member (if **you** are a limited liability company) for a covered **auto** owned by him or her or a member of his or her household.

c. Anyone liable for the conduct of an **insured** described above but only to the extent of that liability.

d. Any **employee** of **yours** is an insured while using a covered **auto you** don't own, hire or borrow in **your** business or your personal affairs.

20. The Policy provides in relevant part as follows with respect to covered autos:

**SECTION I – COVERED AUTOS**

Item Two of the Declarations shows the **autos** that are covered **autos** for each of **your** coverages. The following numerical symbols describe the **autos** that may be covered **autos.** The symbols entered next to a coverage on the Declarations designate the only **autos** that are covered **autos.**

**A.    DESCRIPTION OF COVERED AUTO DESIGNATION SYMBOLS**

\* \* \*

7 =    SPECIFICALLY DESCRIBED **AUTOS**.    Only those **autos** described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any **trailers you** don't own while attached to any power unit described in Item Three).

\* \* \*

9 =    NONOWNED **AUTOS** ONLY.    Only those **autos** you do not own, lease, hire, rent or borrow that are used in connection with **your** business. This includes **autos** owned by **your employees**, partners (if **you** are a partnership), members (if **you** are a limited liability company) or members of their households but only while used in **your** business or **your** personal affairs.

21. Item Two of the Declarations of the Policy provides that Symbol 7 applies unless otherwise stated in item two. Item Two of the Declarations does not show any covered auto designation symbol for Liability Coverage. As such, Symbol 7 applies to Liability Coverage.

5

Item Two of the Declarations shows Symbol 9 for Employer Nonowned Auto Liability Coverage.

22.     Item Three of the Declarations does not list the Huffman Auto.

23.     The Policy also contains the following relevant conditions:

**SECTION IV – BUSINESS AUTO CONDITIONS**

\* \* \*

2.  **Duties In The Event Of Accident, Claim, Suit Or Loss**

    **We** have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

    a.  In the event of **accident**, claim, **suit** or **loss**, **you** must give **us** or our authorized representative prompt notice of the **accident** or **loss**. Include:
        (1) How, when and where the **accident** or **loss** occurred;
        (2) The **insured's** name and address; and
        (3) To the extent possible, the names and addresses of any injured persons and witnesses.

    b.  Additionally, **you** and any other involved **insured** must:

    \* \* \*

        (2) Immediately send **us** copies of any request, demand, order, notice, summons or legal paper received concerning the claim or **suit**.

    \* \* \*

3.  **Legal Action Against Us**

    No one may bring a legal action against us under this Coverage Form until:

    a.  There has been full compliance with all the terms of this Coverage Form; . . .

24.     Further, the Policy provides:

Throughout this policy the words "**you**" and "**your**" refer to the Named Insured shown in the Declarations.

## COUNT I – DECLARATORY JUDGMENT

25.    Progressive realleges and reincorporates herein by reference the allegations set forth in the foregoing paragraphs.

26.    An actual controversy exists between Progressive, Capital Meats, Inc., Justin Scott Huffman, and Madinah Karimah Alomar concerning whether Capital Meats, Inc. and Justin Scott Huffman are entitled to coverage with respect to the Accident and the Alomar Suits under the Policy.  There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

27.    Progressive seeks a declaration pursuant to 28 U.S.C. § 2201 and § 2202 that Capital Meats, Inc. and Justin Scott Huffman are not entitled to coverage with respect to the Accident and/or the Alomar Suits under the Policy.

28.    With respect to Capital Meats, Inc., Progressive is entitled to this declaratory judgment because:

   a.    Capital Meats, Inc. does not qualify as an insured under the Policy with respect to the Accident and the Alomar Suits;

   b.    The Huffman Auto does not qualify as a covered auto under the Policy with respect to the Accident and the Alomar Suits; and

   c.    Capital Meats, Inc. failed to comply with the Duties In The Event Of Accident, Claim, Suit Or Loss condition of the Policy.

29.    With respect to Justin Scott Huffman, Progressive is entitled to this declaratory judgment, because:

   a.    Justin Scott Huffman does not qualify as an insured with respect to the Accident and the Alomar Suits;

b. The Huffman Auto does not qualify as a covered auto under the Policy with respect to the Accident and the Alomar Suits;

c. Justin Scott Huffman failed to comply with the Duties In The Event Of Accident, Claim, Suit Or Loss condition of the Policy; and

d. Capital Meats, Inc. (as the named insured) failed to comply with the Duties In The Event Of Accident, Claim, Suit Or Loss condition of the Policy.

WHEREFORE, Progressive respectfully requests that this Court:

1. Declare that the Policy does not provide coverage to Capital Meats, Inc. and/or Justin Scott Huffman with respect to the Accident and/or the Alomar Suits; and

2. Award such other and further relief as this Court deems just and proper.

**PROGRESSIVE NORTHERN INSURANCE COMPANY**

**By:** /s/ Lindsay L. Rollins
**Counsel**

John B. Mumford, Jr. (VSB No.: 38764)
Lindsay Lankford Rollins (VSB No.: 86362)
Hancock, Daniel & Johnson, P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
lrollins@hancockdaniel.com
Phone: (804) 967-9604
Fax: (804) 967-9888
*Counsel for Progressive Northern*
*Insurance Company*

8